UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE RIGHT TOUCH, INC. OF HAMMOND, DEVON WELLS AND BECKY JACKSON | CIVIL ACTION |
| VERSUS | NO. 25-1453 |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY AND STIEL INSURANCE NORTHSHORE, INC | SECTION "B" (5) |

## ORDER AND REASONS

Before the Court is defendant Stiel Insurance Northshore, Inc.'s ("Stiel") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rec. Doc. 7). Plaintiffs have failed to file an opposition to the motion to dismiss. For the following reasons,

**IT IS ORDERED** that the motion (Rec. Doc. 7) is **GRANTED**, dismissing plaintiffs' claims against Stiel with prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an insurance dispute wherein plaintiffs allege that defendant Westchester Surplus Lines Insurance Company ("Westchester") has arbitrarily and wrongfully refused to pay plaintiffs benefits they are entitled to under their insurance agreement. Plaintiffs own immovable property bearing the address 1406 Corbin Road, Hammond, Louisiana 70403. Rec. Doc. 1-1 at 1. Plaintiffs allege that the property was insured by an insurance policy issued by Westchester. *Id*. at 2. On or about April 10, 2024, the above-described property was damaged in a fire. *Id*. Plaintiffs state that they submitted a claim for loss to Westchester who allegedly "arbitrarily refused to pay the claim in good faith and within a reasonable time as required by law." *Id*. Plaintiffs further claim that Westchester has made "false, derogatory, slanderous, and libel allegations that [plaintiffs] caused the alleged fire that resulted in [plaintiffs'] loss." *Id*.

1

On April 9, 2025, plaintiffs filed a Petition for Damages in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana against Westchester and Stiel, seeking judgment in their favor. Rec. Doc. 1-1. Plaintiffs allege that Stiel has long been their insurance agent and sold plaintiffs many policies insuring the loss of the damaged property. *Id*. at 3. Plaintiffs state that Stiel owed them a fiduciary duty to properly advise them about insuring the property and assisting them regarding any claim they may make under the terms of the policy Stiel sold them. *Id*. Finally, plaintiffs argue that Stiel's breach of its fiduciary duty to plaintiffs should be blamed if plaintiffs fail to recover their losses from Westchester. *Id*. at 3–4.

Westchester removed plaintiffs' petition to this Court on July 16, 2025. Rec. Doc. 1. Westchester argues that plaintiffs' fraudulently or improperly joined Stiel, an in-state defendant, to defeat diversity jurisdiction. *Id*. at 5. Westchester argues that plaintiffs failed to state a claim against Stiel and, further, that they cannot establish a cause of action against Stiel. *Id*. Westchester argues that because plaintiffs cannot establish a cause of action against Stiel, the Court should discard the citizenship of Stiel and find that diversity jurisdiction has been established. *Id*. at 11.

Stiel has now moved to dismiss plaintiffs' claims against it. Rec. Doc. 7. Stiel argues that plaintiffs' allegations against it do not include any cause of action recognized by Louisiana law. Rec. Doc. 7-2 at 2. Plaintiffs have not filed an opposition to Stiel's motion to dismiss.

## LAW AND ANALYSIS

### A. Motion to Dismiss Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that does not meet Rule 8(a)(2)'s pleading standard should be dismissed for failing to state a claim upon which relief can be granted. *Hardy v. 1901 Sophie Wright, LLC*, No. CV 23-7043, 2025 WL 903130, at

2

\*14 (E.D. La. March 25, 2025). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff and drawing all reasonable inferences in that party's favor. *In re Katrina Canal Breaches Litig.*, 495 F. 3d 191, 205–06 (5th Cir. 2007). However, conclusory allegations are not entitled to the presumption of truth, and a court need not accept conclusory allegations or "strain to find inferences favorable to the plaintiff[]." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc*., 365 F.3d 353, 361 (5th Cir. 2004).

**B. Analysis**

Louisiana law is clear that an "insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client properly if he has failed to obtain the requested insurance." *In re Katrina Canal Breaches Litig*., 572 F. Supp. 2d 664, 671 (E.D. La. 2008) (citing *Karam v. St. Paul Fire & Marine Ins. Co*., 281 So.2d 728, 730 (La. 1973)). A client can recover from an insurance agent if if that agent fails to procure the desired coverage and the agent's actions warranted an assumption that the client was properly insured. *Id*. Notably, an insurance agent insurance agent is not required to advise their client about whether they have purchase the correct amount or type of insurance. *Isidore Newman Sch. v. J. Everett Eaves, Inc*., 2009-2161 (La. 7/6/10), 42 So. 3d 352 at 359.

Plaintiffs have not stated a plausible claim for relief against Stiel. Plaintiffs only allege that Stiel was their insurance agent, that Stiel possessed a fiduciary duty to advise plaintiffs about their insurance and help them resolve any claims, and that Stiel must have necessarily violated their fiduciary duty if plaintiffs fail to recover against Westchester. Rec. Doc. 7-2 at 2. Plaintiffs have not alleged any facts suggesting that Stiel failed to procure for them the requested coverage nor acted in a manner to warrant an assumption that Stiel had procedure the correct coverage when, in fact, it had not. In short, plaintiffs allege no facts to suggest that Stiel has violated any recognizable legal duties. Plaintiffs only state in a conclusory manner that Stiel must have violated its fiduciary duties if they fail to recover against Westchester. Rec. Doc. 1-1 at 3. However, a court need not accept conclusory allegations or "strain to find inferences favorable to the plaintiff[]." *Southland Sec. Corp.*, 365 F.3d at 361. It would be a meaningless gesture to offer possible amendment of this claim in view of clear precedent under current Louisiana law and interpretations of same by that state's courts at all levels. As such, plaintiffs' claims against Stiel fail and must be dismissed with prejudice.

New Orleans, Louisiana, this 7th day of January 2026

_____
SENIOR UNITED STATES DISTRICT JUDGE