**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THE RIGHT TOUCH, INC. OF HAMMOND, DEVON WELLS AND BECKY JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1453** |
| **WESTCHESTER SURPLUS LINES INSURANCE COMPANY AND STIEL INSURANCE NORTHSHORE, INC** | **SECTION "B" (5)** |

## <u>ORDER AND REASONS</u>

Before the Court are defendant Westchester Surplus Lines Insurance Company's ("Westchester") motion for summary judgment on plaintiffs Devon Wells and Becky Jackson's claims (Rec. Doc. 14), Devon Wells and Becky Jackson's opposition (Rec. Doc. 17), and Westchester's reply (Rec. Doc. 21).

Also before the Court are Westchester's motion for summary judgment on plaintiff Right Touch's claims (Rec. Doc. 15), Right Touch's opposition (Rec. Doc. 18), and Westchester's reply (Rec. Doc. 23).

Finally, before the Court are Westchester's motion for summary judgment on plaintiffs' defamation claim (Rec. Doc. 16), plaintiffs' opposition (Rec. Doc. 19), and Westchester's reply (Rec. Doc. 22). For the following reasons,

**IT IS ORDERED** that Westchester's motions for summary judgment on plaintiffs' claims (Rec. Doc. 14, 15, 16) are **GRANTED,** dismissing plaintiffs' claims with prejudice.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case involves a dispute over insurance coverage for commercial property damaged in a fire on April 10, 2024. Westchester had issued an insurance policy covering the damaged property with The Right Touch, Inc. of Hammond ("Right Touch") listed as the sole named insured for the policy period of March 8, 2024, to March 8, 2025. Neither Wells nor Jackson were named

insureds, additional insureds, loss payees, or certificate holders under the insurance policy. On April 9, 2025, plaintiffs filed a state court action in the Twenty First Judicial District Court for the Parish of Tangipahoa, asserting claims against Westchester and Stiel Insurance Northshore, Inc. Rec. Doc. 1-6. Wells and Jackson allege that they own the property damaged by the fire. *Id*. at 7. They claim that though they submitted a claim for insurance coverage for the damaged property, Westchester "arbitrarily refused to pay the claim in good faith[.]" *Id*. Instead, Wells and Jackson assert that Westchester has made "false, derogatory, slanderous, and libel allegations that [they] caused the alleged fire that resulted in [their] loss," despite knowing that Wells and Jackson was not at the premises when the fire was alleged to have started. *Id*.  The plaintiffs seek any and all damages, including punitive damages, as well as attorney fees and other remedies. *Id*. at 9.

On July 16, 2026, Westchester removed to this Court and, on July 21, 2025, filed its Answer and Affirmative Defenses to plaintiffs' state court petition. Rec. Docs. 1, 5. On October 10, 2025, Westchester presented the plaintiffs with its "First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents." Rec. Doc. 14-3. However, plaintiffs failed to timely respond, only submitting their objection five months later–on March 17, 2026. Rec. Doc. 39-4. Westchester had submitted multiple requests for admissions, including the requests for admission that neither Wells nor Jackson were named insureds, additional insureds, loss payees, or certificate holders under the insurance policy, or that Right Touch did not hold title to the damaged property. Rec. Doc. 14-3. On February 26, 2026, Westchester filed the instant motions for summary judgment, seeking dismissal of the claims against it. *See* Rec. Docs. 14, 15, 16. The plaintiffs have opposed the motions, and have also filed an affidavit wherein Wells asserts that on or about November 18, 2016, the Louisiana Secretary of State revoked Right Touch's

2

charter and that it had never been reinstated. Rec. Docs. 17, 18, 19, and 20. Westchester has replied in support of its motions.

## II.   LAW AND ANALYSIS

### A.  Legal Standards

Summary judgment is appropriate when the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). Material in support or opposition of a motion for summary judgment may be considered if it is "*capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting Fed. R. Civ. P. 56(c)(2)). Courts view all facts and evidence in the light most favorable to the non-moving party, but "refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008).

Where the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Bargher v. White*, 928 F.3d 439, 444–45 (5th Cir. 2019). An opposing party "may not rely merely on allegations or denials in its own pleadings, but must, in its response, set out specific

3

facts showing a genuine factual dispute for trial." *Stauffer v. Gearhart*, 741 F.3d 574, 581 (5th Cir. 2014). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir. 2002).

Further, under Federal Rule of Civil Procedure ("FRCP") 36, a party may serve on any other party a written request to admit the truth of any matters within the scope of FRCP 26(b)(1) relating to facts, the application of law to fact, or opinions about either. Fed. R. Civ. Pro. 36. A matter is admitted if the party to whom the request is directed fails to answer or object to the request within 30 days after being served. *Id*. at 36(a)(3). A failure to respond to a party's Rule 36 request for admission "conclusively establishe[s] the validity of that claim." *In re Carney*, 258 F.3d 415, 418 (5th Cir. 2001). A party's use of an affidavit to contradict an admission "is precluded by the plain language of Rule 36 and [Fifth Circuit] precedent." *Id*. An admission can be withdrawn or amended by motion of the party seeking to withdraw or amend that admission. Fed. R. Civ. Pro. 36(b).

### B. Analysis
#### i. Privity of Contract

Wells and Jackson failed to timely respond to Westchester's requests for admission; as such, it is deemed admitted that neither Wells nor Jackson were "named insureds, additional insureds, loss payees, or certificate holders" under the insurance policy. Rec. Doc. 14-3 at 7; *see also In re Carney*, 258 F.3d at 418 (stating that a party's failure to respond to a request for admission "conclusively establishe[s] the validity of that claim."). They are not parties to that contract. Therefore, at issue here is whether Wells and Jackson can maintain their claims against

Westchester pursuant to an insurance policy in which they were not named as insureds. They may not.

Because this case is here pursuant to the Court's diversity jurisdiction, Louisiana law applies. Under Louisiana law, an insurance policy is construed according to the general rules of contract interpretation. *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). To prevail on a breach of contract claim, a plaintiff must show that (1) defendant owed him an obligation contained in a contract; (2) defendant failed to perform the obligation; and (3) that defendant's failure to perform resulted in damage to the plaintiff. *Stipp v. MetLife Auto & Home Ins. Agency, Inc.*, 17-61 (La. App. 5 Cir. 8/30/17), 225 So. 3d 1182, 1189. Importantly, "[n]o action for breach of contract may lie in the absence of privity of contract between the parties." *Allday v. Newpark Square I Off. Condo. Ass'n, Inc.*, 20-358 (La. App. 5 Cir. 8/18/21), 327 So. 3d 566, 574. A plaintiff's concession that they are not insured by an insurance policy warrants dismissal of their claims against an insurance company. *See, e.g., Aguilar v. Allstate Fire & Cas. Ins. Co.*, No. CIVA 06-4660, 2007 WL 734809, at *5 (E.D. La. Mar. 6, 2007).

Wells and Jackson are deemed to have admitted that they were not "named insureds, additional insureds, loss payees, or certificate holders" under the insurance policy issued by Westchester. Rec. Doc. 14-3 at 7. There is also no dispute that Right Touch was the only insured entity in the policy. *See, e.g.*, Rec. Doc. 14-4 at 1 ("[t]he insurance is under The Right Touch of Hammond."). These facts eliminate any argument that there was privity of contract between Wells, Jackson, and Westchester. Because Wells and Jackson were not insured or in any way covered under the disputed insurance policy, they cannot maintain this claim against Westchester.

Plaintiffs contrary arguments are not persuasive. At the outset, it should be noted that plaintiffs have not contested any of Westchester's factual claims, nor do they rely on any caselaw

or statute in their opposition brief. *See* Rec. Doc. 17. Plaintiffs appear to rest on their contention that while Right Touch is the named insured, it was Wells himself who executed the agreement, paid the insurance premium, and owned the insured property. *Id*. at 2. But none of this overcomes the fatal flaw that this Court has identified: that Wells and Jackson are not themselves named insured or otherwise covered by the insurance policy. *Id*. The fact that Wells paid the insurance premiums and owned the property does not grant him rights under the insurance policy or even make him a third-party beneficiary of that policy. *See, e.g., Jones v. Proctor Financial Insurance Corp.*, No. 06-9503, 2007 WL 4206863, at *3 (E.D. La. Nov. 21, 2007) (dismissing plaintiff's claims against insurance company despite plaintiff's payment of insurance premiums and possession of ownership interest in insured property because the plaintiff was not a named insured).

They continue that because Right Touch's charter had been revoked at the time that Westchester issued the insurance policy, Wells could have only been acting in his individual capacity and should be the proper insured. Rec. Doc. 17 at 2. Expanding on this point, in their belated response to Westchester's request for admissions, plaintiffs assert that Right Touch "was not a valid juridical person and therefore the only parties to the insurance policy could have been Devon Wells and/or Becky Jackson." Rec. Doc. 39-3 at 3. But the same problem persists: this fact does not establish that Wells and Jackson themselves are covered by the insurance policy. Nor can they establish that they were third-party beneficiaries. *See, e.g., Jones*, 2007 WL 4206863, at *3 (stating that federal district courts in Louisiana have determined that the "proper means to include a *stipulation pour auturi* in an insurance contract is to name the third party as an additional insured"). Finally, plaintiffs note that because Wells and Jackson were the shareholders of Right Touch, that any assets and rights it had passed to them when its charter was revoked. Rec. Doc. 17

6

at 3. There are two problems. First, this argument is inconsistent with plaintiffs' recognition that Right Touch was not a valid juridical person at the time that Westchester issued the insurance policy and, therefore, could not have obtained insurance which could transfer to a third party. *Id.* at 2. Second, and noticeably, plaintiffs do not provide any legal support for their contention, and the Court has found no legal basis for the claim that a company's insurance policy automatically transfers to its shareholders when that company's charter has been revoked or when the company itself has dissolved.

For the reasons herein provided, Westchester's Motion for Summary Judgment is **GRANTED**, and Wells and Jackson's claims are hereby **DISMISSED WITH PREJUDICE**.

### ii.  Absence of Insurable Interest

Westchester additionally moves for summary judgment on Right Touch's claims because of that entity's lack of insurable interest in the damaged property. Rec. Doc. 15. As stated, because plaintiffs failed to timely respond to Westchester's requests for admissions, FRCP 36(a) allows the facts contained therein to be deemed admitted. Fed. R. Civ. P. 36(a)(3). The relevant deemed admission for the purpose of resolving Westchester's motion for summary judgment on Right Touch's claims is that Right Touch did not hold title to the insured property.[1] Rec. Doc. 14-3 at 7. Other facts are also critical. First, Wells admitted that Right Touch did not have any interest in the insured property. *See* Rec. Doc. 14-4 (responding with "not to my knowledge" when asked whether Right Touch had any interest in the insured property). Second, as established, Right Touch, and not Wells and Jackson, was the insured party. Finally, plaintiffs have stated that Right Touch's charter was revoked at the time of contracting for insurance and had not been reinstated. Rec. Doc. 20 at 1.

---

[1] In their belated response to Westchester's request for admissions, plaintiffs admitted that Right Touch did not hold title to the damaged property. Rec. Doc. 39-4 at 3.

Given the facts provided, Westchester's motion for summary judgment must be granted. Louisiana Revised Statute 22:853(A) provides that "[n]o contract of insurance on property or of any interest therein or arising therefore shall be enforceable except for the benefit of persons having an insurable interest in the things insured." La. Rev. Stat. § 22:853(A). The statute defines an "insurable interest" as "any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage." *Id*. at § 22:853(B). The statute continues that "[w]hen the name of a person intended to be insured is specified in the policy, such insurance can be applied only to his own proper interest." *Id*. at § 22:854. Under Louisiana law, "[i]f the loss of the insured property does not expose the insured to either direct, immediate, or potential financial loss or liability, the insured is without an insurable interest." *Armenia Coffee Corp. v. Am. Nat. Fire Ins. Co*., 2006-0409 (La. App. 4 Cir. 11/21/06), 946 So. 2d 249, 254.

The facts of the instant matter dispose of Right Touch's claims because it lacked an insurable interest in the insured property. Wells and Jackson, rather than Right Touch, owned the insured property. Wells himself admitted that Right Touch had no interest in the insured property. Further, plaintiffs have produced no evidence showing that Right Touch possessed an insurable interest in the property. In fact, plaintiffs fail to even address Westchester's arguments that Right Touch lacked an insurable interest in the property, focusing instead Wells and Jackson's ownership of the property and how Wells himself "applied for the insurance, signed the documents, paid the insurance premiums from money he earned by his labor or rental income earned from the insured property[.]" Rec. Doc. 18 at 2. None of these assertions establish that Right Touch itself owned an insurable interest in the property. Plaintiffs do not provide any legal support for their arguments

or even address the applicable statute concerning insurable interest. Plaintiffs' contrary arguments are wholly unconvincing.

For the reasons provided, Westchester's motion for summary judgment is **GRANTED**, and Right Touch's claims are hereby **DISMISSED WITH PREJUDICE** for lack of an insurable interest.

### iii. Defamation

Plaintiffs' defamation claims must also be dismissed. To prevail on a defamation claim, a plaintiff must prove four elements: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault, of either negligence or greater, on the part of the publisher; and (4) resulting injury. *Jacob v. Kopfler*, No. CV 04-1323, 2005 WL 8174246, at *9 (E.D. La. June 14, 2005). Plaintiffs provide no summary judgment evidence concerning the second element: an unprivileged publication to a third party. In fact, because of plaintiffs' failure to timely respond to Westchester's requests for admissions, they have by operation of Rule 36(a) admitted that Westchester did not publish any written or oral statement to any third party accusing plaintiffs of arson or wrongdoing. Rec. Doc. 14-3 at 8. Even were the Court to consider plaintiffs' belated response to Westchester's requests for admissions, the plaintiffs provide only conclusory allegations, including that they believe that Westchester communicated with fire officials, attempted to "instigate a classification of the property as arson," and spoke with tenants and tried to create and circulate "multiple reports insinuating criminal activity." Rec. Doc. 39-4 at 4.

Plaintiffs' reliance on conclusory allegations continues in their brief. In response to Westchester's motion, plaintiffs state only that "Westchester had made these claims to multiple third-parties that it has sent to 'inspect' the property" and that "Westchester has zero basis to claim the Plaintiffs had any involvement in the fire, even if it was intentionally set[.]" Rec. Doc. 19 at

9

1–2. But plaintiffs have provided no evidence. An opposing party "may not rely merely on allegations or denials in its own pleadings, but must, in its response, set out specific facts showing a genuine factual dispute for trial." *Stauffer*, 741 F.3d at 581 (5th Cir. 2014). Plaintiffs have failed to do that. For these reasons, Westchester's motion for summary judgment on plaintiffs' defamation claim is **GRANTED**, and these claims are thereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 26th day of June 2026

_____
SENIOR UNITED STATES DISTRICT JUDGE